## J. C. FEAR v. ALICE FEAR, Appellant.

**Specific performance:** ANTENUPTIAL CONTRACT: FRAUD: EVIDENCE. An antenuptial contract by which the parties mutually agree to relinquish and make no claim to any interest in the property of the other, and to join, one with the other, in the conveyance of their respective properties, may be enforced in equity, when

fair and equitable and in the absence of any fraud in the pro-
curement of the same; and the burden is upon the one claiming
fraud to establish the same.  In the instant case fraud is not
shown.

*Appeal from Warren District Court.*—HON. LORIN N.
HAYS, Judge.

WEDNESDAY, NOVEMBER 15, 1911.

ACTION for specific enforcement of an antenuptial
contract by which defendant had agreed in writing that
she would claim no right or interest in the real estate or
personal property of plaintiff by reason of a contemplated
marriage between them, and would join with plaintiff in
any deed or conveyance of his property which he should
make for the purpose of relinquishing her dower right.
There was a decree for plaintiff, and defendant appeals.
—*Affirmed.*

*O. C. Brown,* for appellant.

*A. V. Proudfoot,* for appellee.

McCLAIN, J.—In January, 1903, when plaintiff was
over seventy years of age and defendant was about forty-
one years old, the two were married; plaintiff then having
a daughter living by a former marriage.  In January,
1904, defendant obtained a divorce from the plaintiff, but
in May following they were remarried.  On the day
preceding this second marriage, in pursuance of a previous
arrangement that some contract of the kind should be
entered into, plaintiff and defendant met at a lawyer's
office where a written contract and duplicate thereof were
executed and acknowledged, the defendant signing by her
mark, being unable to read or write.  In this contract it
was stipulated that, in consideration of said marriage,

neither of the parties should claim any right, title, or interest in the real estate or personal property of the other then belónging to either of them or thereafter to be acquired by either of them, and that, in the event of the death of either, the other should not claim any right of dower or other right in the property of the other, save that, if the husband should purchase a home and he and his wife should occupy it until his death, then the wife, surviving him, should have the use and occupancy thereof during the period of her natural life. It was further stipulated that, after the marriage each should treat the other as was becoming in the true relation of husband and wife, and, in the event the parties should separate, then neither was to make any claim to any of the real estate or personal property of the other. It was further stipulated that, should either of the parties sell or convey any real estate then owned or thereafter acquired during the period of their married life, the other would, without cost, join in a deed of conveyance for the purpose of relinquishing all dower or other rights in such real estate so sold or conveyed. Soon after this second marriage the defendant abandoned the plaintiff, though, as she alleges in her answer, for good cause, and plaintiff, desiring to convey to his daughter the real estate which he owned at the time of the marriage constituting his homestead, requested defendant to join with him in such conveyance, which request being refused, plaintiff brought this action for specific performance. The defense interposed was that the signature of defendant to the antenuptial contract was obtained by fraud on the part of plaintiff, such fraud being perpetrated by causing to be read to her a draft of a contract, and then inducing her to sign a contract different in terms by the assurance that the one signed was a duplicate of the one read.

Counsel for appellant relies upon the general proposition that the granting of specific performance is in the

sound discretion of a court of equity, and is not a matter of right, and that it should be denied when, under the circumstances, specific performance would not be equitable and just. Conceding, however, that a specific performance ought not to be decreed where it would be inequitable, we find here a written instrument purporting to be signed by both parties, resting upon a valid consideration and made in contemplation of a marriage to be entered into between them. There appears to be nothing inherently inequitable in the terms of the agreement, and if, without fraud or concealment, defendant entered into this contract in consideration of the contemplated marriage, then we see no reason in the nature of things why a court of equity should not enforce it.

The burden was upon defendant to show that this written contract apparently signed by her and acknowledged in due form was procured by fraud. In this, as we think, she has entirely failed. While she testified to various promises made to her to induce her again to enter into married relations with the plaintiff, it does not appear from her testimony that there was any other arrangement with reference to their respective properties than that which was subsequently embodied in the written contract; and it further appears that the parties agreed to meet in a lawyer's office for the purpose of having a contract written determining their respective property rights. It further appears that, when the parties came together in the lawyer's office, a written contract which had already been prepared was read over and explained to the defendant, and that she then signed it with her mark and acknowledged it before a justice of the peace, who was called in for the purpose. The claim that after the prepared contract was read over to the defendant another contract was drawn up purporting to be a duplicate, which in fact was different in terms and contained the stipulations now relied upon by plaintiff, which were not in the contract when first read, is without

substantial support in defendant's testimony. In the absence, therefore, of any evidence of fraud or concealment by which defendant was induced to execute a different contract than that at the time agreed upon, the plaintiff was entitled to a decree.

The judgment of the trial court is therefore *affirmed.*